# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**ROBERT A. NEVILLE,**

    **Plaintiff,**

**vs.**                                                              **CASE NO. 1:06CV199-MP/AK**

**NORMAN BOTSFORD, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action *pro se* alleging claims of excessive force under 42 U.S.C. §1983 and state law claims of negligence.  (Doc. 10).  Defendant Botsford has moved to dismiss (doc. 19), to which Plaintiff has responded.  (Doc. 40). Plaintiff has failed to serve Defendant Hall within 120 days of the filing of the first amended complaint (filed on December 26, 2006) and it is herein recommended that the claims against Defendant Van Hall be dismissed pursuant to Rule 4 (m), Federal Rules of Civil Procedure.  Defendant Concannon has answered the complaint.  (Doc. 26).

Although the parties indicated that they would consent to the jurisdiction of the magistrate judge in their Joint Report (doc. 41), a consent form was sent to the Plaintiff with instructions that he must sign and return the form and nothing has been filed.  (See Doc. 43).

## I. Allegations of the First Amended Complaint (doc. 10)

Plaintiff alleges that "these duties of Norman Botsford as police Chief and of the Gainesville Police Department of which he is titular head and the representative against whom litigation may be directed, were poorly planned and executed and that no suitable system of Quality Assurance was employed." Plaintiff labels these claims "Negligent Hiring, Employment, Supervision and Training." These claims arise out of an incident on October 22, 2003, when Defendant Concannon and Officer Hall allegedly released a police dog on Plaintiff when he had already surrendered and was in handcuffs resulting in dog bites to his lower abdomen and hip.[1]

Plaintiff seeks damages of $400,000.00 from Defendant Botsford.[2]

## II. Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), aff'd, 108 F.3d 1388, citing Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960). The

---

[1] Plaintiff's claims against Concannon (and Hall) are excessive use of force and gross negligence.

[2] Although Plaintiff includes the Gainesville Police Department as a defendant under the heading of this claim, he did not name the police department in the style of the case or list the entity as a defendant. For purposes of this law suit, Florida law does not recognize a police department as a separate legal entity subject to suit under 42 U.S.C. §1983. See Bircoll v. Miami-Dade County, 480 F.3d 1072, 1080 (11th Cir. 2007); Florida City Police Department v. Corcoran, 661 so.2d 409 (Fla. App. 3 Dist. 1995).

**No. 1:06cv199-MP/AK**

court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). Dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). However, this does not mean "that every statement in a complaint must be accepted as true." In re Mosello, 190 B.R. at 168. The "court need not accept 'sweeping and unwarranted averments of fact.'" *Id.*, *citing* Perniciaro v. Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Claims which "rely upon conclusory statements of law" need not be accepted. Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995). Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim." Northern Trust Co., 69 F.3d at 129; *see also* Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive

**No. 1:06cv199-MP/AK**

a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III.  Analysis

**No. 1:06cv199-MP/AK**

Defendant is correct that the negligence claims asserted against him are state law claims. Claims of negligence are not cognizable under §1983. See <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Davidson v. Cannon</u>, 414 U.S. 344 (1986). Florida law prohibits negligence suits (tort law claims) against state employees for any injuries incurred while they were acting within the scope of their employment unless the employee acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. Ann. §768.28(9)(a).

Plaintiff claims in his response to the motion to dismiss, (doc. 40), in a conclusory manner, that Defendant Botsford acted in bad faith, maliciousness and willful disregard, but he does not allege nor does he use any of this language in his amended complaint. (Doc.10). A response to a motion is not a pleading and does not operate to add to or alter the pleadings. See Rule 15, Federal Rules of Procedure; Local Rule 15.1. In the amended complaint, Plaintiff specifically claims that Defendant Botsford was "negligent" and his actions "were poorly planned and executed." Where an amended complaint alleges only "negligent supervision," the court should not construe such allegations to support a claim for the "greater degree of culpability" required by 768.28(9)(a). See <u>McClelland v. Cool</u>, 547 So.2d 975 (Fla. App. 2 Dist. 1989). Malice is considered an intentional act without just cause or excuse. <u>Jarzynka v. St. Thomas University of Law</u>, 310 F.Supp. 2d 1256, 1265 (S.D. Fla. 2004). Thus, Plaintiff has failed to state a claim under state law against Defendant Botsford, a state employee who is granted immunity from suit for negligent actions done within the scope of his employment.

**No. 1:06cv199-MP/AK**

Even giving Plaintiff the benefit of the doubt and construing his claims broadly, he has also failed to state a claim of failure to train under federal civil rights law. Liability may exist under section 1983 if an employee has not been adequately trained and this failure caused the violation of a constitutional right. City of Canton v. Harris, 489 U.S. 378, 387 (1989); Gilmere v. Atlanta, 774 F.2d 1495, 1503-1504 (11th Cir. 1985). In such a case, liability is not based on the doctrine of *respondeat superior*, rather it is based on the supervisor's own actions or inactions, *i.e.* the failure to train. The failure to train must evidence "a deliberate indifference" to the rights of those injured. Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489-90 (11th Cir. 1997), *quoting* City of Canton, 489 U.S. at 389. However for this liability to extend to the City, there must again be a policy or custom that inflicts the injury or exhibits deliberate indifference, *i.e.* a policy of failing to train. Springfield v. Kibbe, 480 U.S. 257, 267 (1987). Moreover, liability can only be imposed when the "deliberate indifference" is undertaken by an official with final policymaking authority. Floyd v. Waiters, 133 F.3d 786, 795-96 (11th Cir. 1998).

Proof of a single incident is generally insufficient to sustain a failure to train claim because those officials who are responsible for making policy must be on notice of the constitutional deficiencies. Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990). In Wright, the Eleventh Circuit held that a sheriff's department could not be held liable to the actions of a deputy unless there was evidence "of a history of widespread prior abuse," such that the sheriff was "on notice of the need for improved training or

**No. 1:06cv199-MP/AK**

supervision." Id.  See also Church v. City of Huntsville, 30 f.3d 1332, 1342-46 (11th Cir. 1994) (holding that plaintiff's claims could not succeed without proof that the City had knowledge of prior incidents); Popham v. City of Talladega, 908 f.2d 1561, 1564-65 (11th Cir. 1990) (finding no liability for failure to train when no pattern of incidents put the City on notice of a need to train); Gold v. City of Miami, 151 F.3d 1346, 1350-51) (11th Cir. 1998).

Plaintiff has offered no facts either in his amended complaint or in his response to support a claim of failure to train.  Whether or not the officers have insurance separate from the city or receive federal funding makes no difference to this claim. (Doc. 40, p. 2).  Plaintiff has failed to allege facts showing that Defendant Botsford's training regimen or lack thereof resulted in the excessive force claim that caused Plaintiff's injury.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Botsford's Motion to Dismiss (doc. 19) be **GRANTED**, and all claims against him raised in Plaintiff's amended complaint (doc. 10) be **DISMISSED**.  It is further recommended that Defendant Van Hall be dismissed from this lawsuit for failure to serve him within 120 days pursuant to Rule 4(m), Federal Rules of Civil Procedure.

**IN CHAMBERS** at Gainesville, Florida, this *8th* day of January, 2008.

                                          *s/ A. KORNBLUM*
                                          **ALLAN KORNBLUM**
                                          **UNITED STATES MAGISTRATE JUDGE**

**No. 1:06cv199-MP/AK**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:06cv199-MP/AK**