IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT NEVILLE,

       Plaintiff,

v.                                                    CASE NO. 1:06-cv-00199-MP-AK

OFFICER CONCANNON, et al.,

       Defendants.

_____/

## O R D E R

       This matter is before the Court on Doc. 65, Defendants' Motion for Partial Summary Judgment, and Doc. 88, Plaintiff's Response to Defendants' Motion for Partial Summary Judgment.  Also, the Magistrate Judge has filed a Report and Recommendation, Doc. 53, which recommends that Defendant Van Hall's Motion to Dismiss, Doc. 19, be granted, and that any claims against Officer Van Hall be dismissed for failure to serve him within 120 days of the filing of the complaint.  The Magistrate Judge filed the Report and Recommendation on Tuesday, January 8, 2008.  The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has been made.  In this instance, however, no objections to the Report were made.

       Plaintiff Robert Nevile brings this action under 42 U.S.C. § 1983, alleging that Officer Concannon violated his Fourth Amendment rights by using excessive force in effectuating Plaintiff's arrest.  For the following reasons, the Court finds that the motion for partial summery judgment should be granted, the Report and Recommendation should be adopted, and that Defendant Van Hall should be dismissed as a party in this action.

## I. Factual Background

Defendant Concannon is an officer with the Gainesville Police Department, and

Defendant Norman Botsford[1] is the Chief of Police at the Gainesville Police Department.  On

October 22, 2003, at approximately 9:30 p.m., Officer Concannon approached Plaintiff Robert

Neville after having probable cause to believe that Plaintiff had committed the crime of Felony

Burglary of a Conveyance.  Officer Concannon, who had his K-9 dog restrained by a leash,

identified himself and ordered the Plaintiff to get on the ground.  When the Plaintiff refused to

comply, Officer Concannon repeated this order several times.  At this point, Officer Concannon

states that the Plaintiff began backing away from him, and that Officer Concannon then

instructed Plaintiff to stop resisting arrest and told him approximately twenty-five times to stop

moving.  Plaintiff failed to obey this order, and grabbed a stick, which he waved in the face of

Officer Concannon's K-9 dog.  A fellow officer, Officer Van Hall, moved towards the Plaintiff

to handcuff him, but because the Plaintiff again resisted arrest, Officer Van Hall could place the

handcuffs on only one of the Plaintiff's hands.  To assist Officer Van Hall during this scuffle,

Officer Concannon released his K-9 dog to subdue the Plaintiff.   Plaintiff does not dispute these

events.  See Doc. 65, Ex. B at 8-9.

Plaintiff was transported to Shands at Alachua General Hospital, where an examining

physician found that Plaintiff suffered superficial abrasions to his abdomen, right thigh and right

arm, and that the superficial abrasions to his ankles appeared to be due to branches or shrubs.

After being arrested, Plaintiff admitted to the officers that he had attempted to flee because he

---

[1]  Defendant Botsford moves to include his motion to dismiss, Doc. 19, in the instant motion for summary judgment.  Where matters outside the pleadings are to be considered by the Court (such as multiple affidavits and documents in this case), the motion to dismiss shall be treated as a motion for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure.

was afraid of Officer Concannon's K-9 dog.  Plaintiff tried to strike a bargain with the officers,

in which he would agree not to pursue any excessive force claims if they would drop the criminal

charges.  When the officers refused to agree to this, the instant lawsuit followed.

## II.  Legal Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be

granted "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."  In determining the existence

of a genuine issue of material fact, the Court views the facts in a light favorable to the non-

moving party, with the moving party bearing the burden of demonstrating the lack of a genuine

issue.  If the movant successfully discharges this burden, the burden then shifts to the

non-movant to establish, by going beyond the pleadings, the existence of a genuine issue of

material fact.  Matsushita Electric Industrial Co. v. Zenith Radio Corp. 475 U.S. 574, 586-87,

106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604,

608 (11th Cir.1991).  An issue of material fact is genuine if the evidence in the record would

allow a reasonable jury to return a verdict for the non-moving party.  Anderson v. Liberty Lobby

Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed. 2D 202 (1986).  If a non-moving

party bears the burden of proof at trial, the moving party is entitled to summary judgment by

showing that the non-moving party cannot prove an essential element of their cause of action

through the admissible evidence in the record.  As explained by the Supreme Court for the

United States:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after
> adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The purpose of the Court in deciding a summary judgment motion is not to decide issues of material fact, but rather to determine whether such issues exist to be tried.

### III.  Analysis

In the Motion for Partial Summary Judgment, Defendant Concannon argues that because he was acting within his discretionary authority when he arrested the Plaintiff, summary judgment should be granted based on qualified immunity. Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To receive qualified immunity, the public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir.2002). In this case, Officer Concannon was clearly acting within the scope of his discretionary authority, and therefore he is entitled to qualified immunity if his actions were objectively reasonable, that is, if an objectively reasonable officer in the same situation could have believed that the force used was not excessive. Anderson v. Creighton, 483 U.S. 635, 638-41, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Since Defendant Concannon was acting within the scope of his discretionary authority, the burden shifts to the Plaintiff to show that qualified immunity is not appropriate. "The

threshold inquiry a court must undertake in a qualified immunity analysis is whether [the] plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002).  Defendant Concannon states that the Plaintiff is a physically large man who the police believed had just committed a felony burglary, who was attempting to flee, and who refused to comply with repeated police orders to stop resisting arrest. Defendant Concannon points out that only after the Plaintiff was struggling with Officer Van Hall did he decide to release his K-9.   Plaintiff has failed to produce substantial evidence such that a reasonable jury could find that the amount of force used to arrest Plaintiff was unreasonable, and thus cannot show a violation of the Fourth Amendment's prohibition on the use of excessive force by law enforcement officers.  In light of these undisputed facts, the Court find that the force used was reasonable as a matter of law.  Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989).

Defendant Concannon states that even if being bitten by a police dog while resisting arrest violates a constitutional right, Plaintiff cannot show that this right was clearly established at the time of his arrest.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).  The Eleventh Circuit has found that a clearly established constitutional right existed where a burglary suspect who did not pose a threat of bodily harm to the officers or to anyone else, and was not attempting to flee or to resist arrest, was bitten by a police dog immediately after complying with officers' orders to lie on the ground.  See Priester v. City of Riviera Beach, 208 F.3d 919, 924-25 (11th Cir.2000).  "When fact-specific precedents are said to

have established the law, a case that is fairly distinguishable from the circumstances facing a government official cannot clearly establish the law for the circumstances facing that government official; so, qualified immunity applies."  Vinyard v. Wilson, 311 F.3d 1340 (11th Cir.2002).  The facts of the instant case are completely inapposite to those in Priester–Plaintiff armed himself with a stick, attempted to flee, resisted arrest, and refused to comply with the officers' orders.  Because of this, the Court finds that Plaintiff has failed to demonstrate that the Defendants violated a constitutional right that was clearly established at the time of his arrest, and therefore qualified immunity applies.

Finally, Defendant Concannon argues that because Plaintiff's complaint fails to allege that Officer Concannon's actions were the result of any official policy or custom of the municipality, he is not liable in his official capacity.  A municipality may only be liable in an action brought under § 1983 "where the municipality itself causes the constitutional violation at issue," such as where an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation.  Monell v. Dept' of Soc. Servs., 436 U.S. 658, 693-94 (1978).  Plaintiff does not allege that the Gainesville Police Department or Chief Norman Botsford have any official policy or custom involving excessive force with regards to the use of K-9 dogs, nor does he allege that any such policy was the "moving force" behind Plaintiff's alleged constitutional deprivation.  Rather, Plaintiff states that because Officer Concannon has not been disciplined for his use of a police dog, this qualifies as an adoption and ratification of the actions by the municipality.

In Monell, the Supreme Court made clear that municipalities can only be held responsible for the actions they caused through their official policies and customs.  Plaintiff seeks to rely on

one other allegation that Defendant Concannon used excessive force in releasing his K-9 dog.  In

City of Oklahoma v. Tuttle, 471 U.S. 808 (1985), the Supreme Court stated that official policy

cannot be demonstrated through one other incident of inadequate training or supervision.

Because Plaintiff has failed to offer proof of deliberate indifference by the City of Gainesville,

his claims against the Defendants in their official capacity fail.   See City of Canton, Ohio v.

Harris, 489 U.S. 378, 387 (1989).

Therefore, after considering the matter, the Court finds that the moving parties are

entitled to a judgment as a matter of law, and that summary judgment should be entered

dismissing all claims against Defendant Botsford, and dismissing all claims of excessive force

against Defendant Concannon.  Furthermore, because Defendant Van Hall was not served within

the 120-day deadline, the Court agrees with the Magistrate that he must be dismissed from this

lawsuit.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.     The Report and Recommendation of the Magistrate Judge, Doc. 53, is adopted
       and incorporated herein.

2.     Defendant Botsford's Motion to Dismiss, Doc. 19, construed as a Motion for
       Summary Judgement, is GRANTED, and all claims against him raised in
       Plaintiff's amended complaint, Doc. 10, are DISMISSED.

3.     Defendant Van Hall is dismissed from this lawsuit for failure to serve him within
       120 days of the filing of the complaint pursuant to Rule 4(m), Federal Rules of
       Civil Procedure.

4.     Defendant Concannon's Motion for Partial Summary Judgment, Doc. 65, is
       GRANTED, summary judgment is entered in his favor, and Plaintiff's excessive
       force claims are DISMISSED.

**DONE AND ORDERED** this   _12th_ day of June, 2008



_s/Maurice M. Paul_

Maurice M. Paul, Senior District Judge