IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT NEVILLE,

    Plaintiff,

v.                                                        CASE NO. 1:06-cv-00199-MP-AK

NORMAN BOTSFORD, CONCANNON, A VANN HALL,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on an omnibus motion filed by plaintiff Robert Neville, Docs. 99-101, requesting several forms of relief concerning an order of this Court filed nearly two years ago on June 12, 2008, Doc. 91, and the subsequent judgment. For the following reasons, the requested relief is denied

The first of the three motions is a Motion for Relief from Judgment, under Rule 60(b). There are six ways a party may qualify for relief under Rule 60(b). Relief is only available if the motion for relief from judgment is timely filed, and for the first three reasons, no motion filed over a year after the judgment has entered will be considered timely. This motion was filed over a year after the filing of the judgment. Dr. Neville has submitted no evidence that he has paid the costs taxed to him, or that it was ever void.

Though other reasons may justify relief, under Rule 60(b)(6), Dr. Neville has presented no reason to change the analysis that led to the order dismissing his case, or the judgment taxing him costs. Though Dr. Neville believes this Court ruled as it did "because by some convoluted argument using facts not in evidence and faulty logic there was no Excessive Force," he remains

mistaken. Dr. Neville cited a case that showed that police were found to have used excessive force when a police dog bit a suspect after he laid down on the ground in immediate compliance with police commands. Priester v. City of Riviera Beach, 208 F.3d 919, 924-25 (11th Cir.2000). The facts of this case, however, show that Dr. Neville was only affected by a police dog after he refused to comply with police commands, resisted arrest, and picked up a stick to threaten the police and/or the police dog. *See* Doc. 91. Dr. Neville claims in his omnibus motion that his case concerns "setting a dog on a handcuffed person (Plaintiff) already in custody." Dr. Neville fails to mention that at the time Officer Concannon released the dog on him, Dr. Neville only had one wrist cuffed, because of his efforts to resist arrest by Officer Van Hall, and that it was to assist Officer Van Hall in his struggle to arrest Dr. Neville that Officer Concannon released the dog on him. *See* Doc. 65, Ex. B at 8-9. Dr. Neville is entitled to no relief from the judgment against him.

     Dr. Neville next requests the disqualification of the undersigned as judge in this matter. By his own argument, Dr. Neville requests this disqualification based on the actions of the undersigned at motion hearings, and otherwise in presiding over the case. "[A] motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case. An exception to the general rule that the disqualifying bias must stem from extrajudicial sources is the situation in which such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir. 1986), cert. denied, 480 U.S. 931 (1987) (internal quotations ommitted). The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case. *Id*. at 1188-1189. *See also* United States v. Phillips, 664 F.2d 971, 1002-03 (5th Cir. 1981), cert. denied, 457 U.S. 1136 (1982). Though Dr. Neville alleges

"[t]he trial judge has a record in Civil Rights cases which demonstrates that he cannot hear them fairly," he provides no evidence of that claim, or any allegation to support that claim other than his descriptions of rulings in the same or related cases. Dr. Neville is not entitled to the recusal of the undersigned.

Finally, Dr. Neville requests Rule 11 sanctions against his opponents in this case. Rule 11 specifies that a motion for sanctions must be made separately from any other motion, which Dr. Neville has failed to do here. Nor has Dr. Neville given his opponent the required 21 days to withdraw or correct the challenged contentions or papers. Dr. Neville is not entitled to sanctions against his opponents under Rule 11.

Accordingly, Dr. Neville's omnibus motion, docketed at Docs. 99-101, is DENIED.

**DONE AND ORDERED** this __27th__ day of April, 2010

         *s/Maurice M. Paul*
       Maurice M. Paul, Senior District Judge